THE DAYTON & TROY ELECTRIC RY. CO. *v.* BRADFORD ET AL.

*Negligence—Questions for jury—Necessity of maintaining gates, bell or watchman at crossing—Contributory negligence of automobile driver in approaching railroad crossing.*

1. Where a crossing of a traction company over a public highway is more than ordinarily dangerous, the question of the necessity of maintaining gates, an alarm bell, or a flagman, may be submitted to a jury under proper instructions.

2. When a driver of a motor vehicle upon a public highway does not know the exact location of a railroad crossing, and hears no signal of an approaching car, and when the view of the crossing is partially obstructed by another automobile, the question of contributory negligence of the

[1] Railroads, 33 Cyc. p. 1102; [2] Id., 33 Cyc. p. 1121.

driver of such motor vehicle becomes a question of fact for the jury.

(Decided July 2, 1923.)

ERROR: Court of Appeals for Montgomery county.

*Messrs. McMahon, Corwin & Landis,* for plaintiff in error.

*Messrs. Nevin & Kalbfus* and *Mr. George F. Holland,* for defendants in error.

KUNKLE, J. Defendants in error, G. F. Bradford and E. F. Routsong, are partners engaged in the undertaking business in the city of Dayton. In March, 1921, they were employed by W. E. Roberts, an undertaker of Dayton, to convey a body from that city to New Bremen, Ohio, for burial. They started from Dayton for New Bremen, and were riding on the driver's seat of a hearse belonging to defendants in error, in which was contained the casket and body. The hearse was being driven by Bradford. Mr. Roberts was riding beside him. They drove north on the Dayton and Troy pike and when they arrived at Stop 5, on the line of plaintiff in error, and were about to cross the tracks of plaintiff in error, where the same intersects the Dayton and Troy pike, the hearse was struck near the rear thereof by a freight train, consisting of a motor car and two trailers, belonging to plaintiff in error. The train was moving in a southerly direction. The hearse and the casket were badly damaged.

An issue was joined by the amended petition and

268    OHIO APPELLATE REPORTS.

D. & T. Elec. Ry. Co. v. Bradford.    [19 Ohio

the answer thereto. The amended petition, in addition to setting forth the facts above recited, also alleged various grounds of negligence upon the part of plaintiff in error. Defendants in error, in their amended petition, sought to recover judgment against plaintiff in error for damages in the sum of $2,244.50.

Upon the issues so joined by the amended petition and the reply the case was submitted to a jury with the result that a verdict for $900 was returned in favor of defendants in error.

Motion for a new trial having been overruled, error is prosecuted to this court. The amended petition alleges the following grounds of negligence upon the part of plaintiff in error:

Failure to have a watchman at the crossing, or to provide other suitable means to warn users of said crossing of the approach of cars; failure to erect a sign post or warning signal south of said crossing; failure upon the part of the employes of plaintiff in error in charge of said cars to keep a proper lookout for the safety of the users of said crossing; operating said train at a high and dangerous rate of speed; failure to have said car under proper control while approaching the crossing; failure to sound any warning, by bell or otherwise, of the approach of the car; and failure to apply brakes or to use other means to avoid said collision after the employes of plaintiff in error saw the dangerous position of defendants in error.

Various errors are assigned in the petition in error for a reversal of the judgment. It is claimed, among other things, that the court erred in refusing to strike from the amended petition the alle-

OHIO APPELLATE REPORTS.                    269

App.]        D. & T. Elec. Ry. Co. *v.* Bradford.

gation that "the collision in question was the result of defendant failing and neglecting to have a watchman at said crossing to warn persons of the approach of said cars, and in failing and neglecting to provide other suitable means to warn users of said crossing of the approach of said cars," and also erred in its charge to the jury upon this subject.

We shall not undertake to discuss in detail the authorities which have been cited by counsel. From a consideration of the authorities we are of opinion that the rule relating to the maintenance of a watchman is correctly stated in the case of *Evans v. Erie Rd. Co.,* 213 Fed., 129. The court, on page 134 of this decision, says:

"We think there is nothing in the Ohio Statute—General Code, Section 588—(authorizing the Commission to require gates, alarm bell, or a flagman) which, as a matter of law, relieves the railroad company from failure to adopt such precautions as the particular circumstances may require, even in the absence of express direction by the Commission."

See also *Grand Trunk Ry. Co.* v. *Ives,* 144 U. S., 408.

We do not wish to be understood as holding that as to all crossings the question of whether a watchman should be maintained can be submitted to a jury, but we think in cases of more than ordinary hazard such question can be properly submitted to the jury.

The amended petition and the record disclose such a state of facts as we think make the crossing in question one of more than ordinary hazard, and

270        OHIO APPELLATE REPORTS.

D. & T. Elec. Ry. Co. *v.* Bradford.        [19 Ohio

the case was, therefore, one in which this question was properly submitted to the jury.

The record, among other things, discloses that the crossing in question was upon the Dayton and Troy pike, a much frequented highway, within a few miles of the city of Dayton; that no warning signals were erected upon the south side of the crossing, that being the direction from which the automobile hearse was approaching; and that the view of this crossing was obstructed by another vehicle upon such highway. From these and other circumstances disclosed by the record we think this crossing was more than ordinarily hazardous.

The amended petition alleges various other acts of negligence upon the part of plaintiff in error at the time of the accident, such as the rate of speed at which the traction cars were moving; the failure to give warning by whistle or otherwise; the failure to erect sign posts on the south side of the crossing; and the admission of the motorman that he saw the hearse approaching, gave no warning except at a point four or five hundred feet north of the crossing, and made no effort to stop his car, etc. The jury returned a general verdict in favor of plaintiffs. We cannot determine, from a reading of the record, whether the finding of the jury was based upon the absence of a watchman or upon some one of the other grounds of negligence averred in the amended petition.

It is also urged that the record discloses contributory negligence upon the part of defendants in error, such as should have prevented their recovery.

In brief, the testimony shows that defendants in error were driving immediately in the rear of

Ohio Appellate Reports. 271

App.]    D. & T. Elec. Ry. Co. v. Bradford.

another automobile, and that this situation obstructed their view in the direction of the approaching traction cars. The driver of the hearse testified that he did not see the traction cars approaching, did not know the exact location of the crossing, and heard no signal from the approaching train. Under all the circumstances disclosed by the record we think the question whether defendants in error were guilty of contributory negligence was a question for the jury. The jury found in their favor upon this issue. See *Ohio Electric Ry. Co.* v. *Weingertner*, 93 Ohio St., 124.

It is also claimed that the trial court erred in permitting a consideration of the item of $125 for a casket. Without discussing this question in detail, we think it sufficient to say that under the state of the record we would be unable to find that the jury made any allowance for this item. As previously stated defendants in error sought to recover judgment for $2,244.50. The recovery sought was based upon various items, among which was the item of $125. The verdict returned was for $900. It was a general verdict and from the state of the record we would not be warranted in finding that this item of $125 was allowed either in whole or in part by the jury.

We have considered all of the errors urged by counsel for plaintiff in error, both in their brief and in oral argument, but finding no error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

*Judgment affirmed.*

Allread and Ferneding, JJ., concur.